UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDERICK O. SILVER,**

        **Plaintiff,**

**v.**

**CITY OF SAN ANTONIO, et al.,**

        **Defendants.**

SA:19-MC-1490-JKP

Case No. SA-20-CV-0888-JKP-RBF

## MEMORANDUM OPINION AND ORDER

The Court has under consideration an *Application to Proceed in District Court Without Prepaying Fees or Costs (*(ECF No. 1) and an *Emergency Motion to Recuse* (ECF No. 3). Through the application Frederick O. Silver ("Silver") seeks to proceed with this civil action *in forma pauperis*. The complaint he attaches to the application reveals that he seeks to sue the City of San Antonio and a city police officer, Ricardo Perez, Jr., for events related to Silver's arrest on December 10, 2018. Through the latter motion, Silver seeks to have the undersigned recuse from this case. He provides no reason other than to state that he intends to file a federal lawsuit against the undersigned and an attorney involved in Case No. 20-MC-0272-JKP. He also asks that Magistrate Judge Farrer recuse because Silver does not consent to any action by a magistrate judge.

"A motion for recusal is committed to the discretion of the district judge" and the judge who is the subject of the motion decides whether the facts present a situation where his impartiality might reasonably be questioned. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999). "Adverse rulings against the [party moving for recusal] in the same or a prior judicial proceeding do not render the judge biased. In addition, a judge is not disqualified merely because a litigant sues or threatens suit." *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993) (footnotes and citations omitted). As the Supreme Court has explained:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Relying on adverse rulings is a frivolous ground for recusal. *See United States v. Smith-Garcia*, 802 F. App'x 822, 826 (5th Cir. 2020) (per curiam).

Silver has presented nothing that reasonably calls into question the undersigned's impartiality or provides any legitimate basis for recusal. Nor has he provided any basis for Magistrate Judge Farrer to recuse. That Silver may not consent to matters referred to a magistrate judge provides no basis for recusal of the magistrate judge. The relevant statute permits referrals to a magistrate judge regardless of a party's consent. *See* 28 U.S.C. § 636(b). Furthermore, despite the referral, there is no need for Magistrate Judge Farrer to take any action in this case. But before issuing its ultimate rulings on the matters now before it, the Court sets out some relevant background information.

On April 18, 2019, the Honorable District Judge Xavier Rodriguez of this Court accepted a recommendation that the Court dismiss the then pending action filed by Silver as frivolous, deem Silver a vexatious litigant, and impose sanctions. *See Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047, at *1-4 (W.D. Tex. Apr. 18, 2019), *appeal dismissed*, No. 19-50339 (5th Cir. July 15, 2019). Upon accepting the recommendations, the District Court issued the following orders:

> Plaintiff is further **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district.** Before filing any new lawsuit in this district and division, Silver must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Silver in this division unless and until such motion is filed and granted.

> Because Silver has other pending litigation in this Court and may have future cases removed to this Court, he is also **WARNED that further frivolous filings or motions in those pending cases or any future filed or removed case may also result in the imposition of monetary sanctions.**

*Id.* at *4.

Based upon this prefiling injunction, the undersigned considered three separate motions by Silver for approval to proceed with new civil actions. On July 7, 2020, the Court denied each motion and explained that it is Silver's burden to persuade the Court that it should allow his proposed filings. As detailed in depth in a Memorandum Opinion and Order in Case No. 19-MC-1490-JKP, to carry that burden, a sanctioned litigant must generally show that the claims sought to be asserted have sufficient merit; that each defendant is properly included in the litigation; that the proposed filing is both procedurally and legally sound; that there is no obvious defense to asserted claims; that the claims are not brought for any improper purpose, such as harassment; and that the motion for leave as well as the proposed pleading complies with all relevant requirements set out in prior sanctions. Whether to grant or deny the requested leave is a matter within the Court's sound discretion.

Upon review of the proposed filings, the Court exercised its discretion to deny Silver leave to proceed with the cases. And given the circumstances of each case, the Court ordered Silver to show cause why the Court should not impose additional sanctions or extend the prefiling injunction already in place. After receiving Silver's response to the show cause order in Case No. 20-MC-0272-JKP, the undersigned recently imposed monetary and other sanctions on Silver. The rulings in that case appear to have prompted the motion to recuse in this case. But to date, Silver has not responded to the orders to show cause in Case Nos. 19-MC-1490-JKP or 20-MC-0655-JKP. Because the Court directed that its orders be sent via certified mail, return receipt requested, it is able

to track the mailings. The tracking information reveals that the order in Case No. 19-MC-1490-JKP was refused and that the order in Case No. 20-MC-0655-JKP is waiting for pick-up by Silver.

Given the motion for recusal and the above background information, the Court **DENIES** the *Emergency Motion to Recuse* (ECF No. 3) as frivolous. It also **DENIES** the *Application to Proceed in District Court Without Prepaying Fees or Costs (*(ECF No. 1) because Silver has not complied with the prefiling injunction imposed in *Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047 (W.D. Tex. Apr. 18, 2019). Pursuant to that sanction, Silver is not authorized to file a new action, as he has not requested or obtained leave to do so. The failure to seek the requisite leave is sufficient reason of itself to deny permission to proceed *in forma pauperis* and order this action closed and dismissed.

Accordingly, the Court **DIRECTS the Clerk of Court to close this action. It further DIRECTS the Clerk of Court to (1) mail this Memorandum Opinion and Order to Silver via certified mail, return receipt requested, and (2) mail this Memorandum Opinion and Order and the Memorandum Opinions and Orders issued in Case Nos. 19-MC-1490-JKP and 20-MC-0655-JKP via both regular mail and email to Silver's last known email address ([AS-CLV1@gmail.com](mailto:AS-CLV1@gmail.com)).**

Because Silver has wholly failed to seek leave to file this action, the Court directs him to show cause **on or before August 11, 2020**, why the Court should not impose sanctions up to and including a monetary sanction payable to the Court and additional restrictions on filing future federal actions. As an additional basis for sanctions, the Court notes that the instant action is substantially the same as the complaint sought to be filed in Case No. 20-MC-0655-JKP, which as explained in that case was essentially a modified version of Silver's ultimately unsuccessful attempt to obtain leave in *Silver v. City of San Antonio*, No. 5:19-MC-1450-OLG (W.D. Tex. Dec. 16,

4

2019) (filed pro se motion for leave) and that prior miscellaneous case was essentially a duplicate of his prior litigation in *Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018).

Other than filing his show cause response, Silver is hereby precluded from making other filings in this case until the Court issues an order on the show cause. If Silver submits any other documents for filing in this case, **the Clerk of Court shall accept and docket them through the Court's normal procedures, but the filings might not prompt any ruling or response**.

Furthermore, Silver cannot avoid potential additional sanctions by refusing to accept a mailing from the Court or by refusing to pick-up his mail. The Court has taken no action on the show cause orders in Case Nos. 19-MC-1490-JKP and 20-MC-0655-JKP so as to give Silver every benefit of receiving the mailings and responding. Because he has now officially refused one mailing (as of July 30, 2020, per tracking information), the Court could proceed in that case without further delay. Nevertheless, through this Memorandum Opinion and Order, the Court has directed that the prior orders be re-mailed and emailed to Silver. Consequently, the Court extends the deadlines for Silver to respond to those show cause orders to **August 11, 2020.** **To memorialize this extension in the other cases, the Clerk of Court shall docket a copy of this Memorandum Opinion and Order in each of those two cases.**

SIGNED this 4th day of August 2020.

*Jason Pulliam*
_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**