UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDERICK OMOYUMA SILVER,**

      Plaintiff,

v.                                                                             **Case No. SA-19-MC-1490-JKP**

**CITY OF SAN ANTONIO, et al.,**

      Defendants.

## SANCTION ORDER

On July 7, 2020, the Court issued three orders denying Frederick Omoyuma Silver ("Silver") leave to proceed with three separately proposed civil actions. In this action, it thoroughly set out Silver's litigation history, including prior known sanctions and sanction warnings. It also ordered Silver to show cause by July 21, 2020, why it should not further sanction him by expanding upon the prefiling injunction imposed in *Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047 (W.D. Tex. Apr. 18, 2019), *appeal dismissed*, No. 19-50339 (5th Cir. July 15, 2019) and imposing other sanctions. In an attempt to assure timely delivery and receipt of the court order, it directed the Clerk to mail the order via certified mail, return receipt requested.

Unfortunately, mail issues resulted in Silver not timely receiving the Court's order in this case and in Case No. 20-MC-0655-JKP, but he did receive the order in Case No. 20-MC-0272-JKP, which referenced the order in this case. When Plaintiff attempted to commence a new civil action in Case No. 20-CV-0888-JKP, the Court noted it as "substantially the same as the complaint sought to be filed" in Case No. 20-MC-0655-JKP and two other prior cases in this Court, *Silver v. City of San Antonio*, No. 5:19-MC-1450-OLG (W.D. Tex. Dec. 16, 2019) and *Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018). On August 4, 2020, the Court issued an order dismissing Case No. 20-CV-0888-JKP; directed the Clerk to email and re-mail the July 7, 2020

order in this case to Silver; and extended his deadline to show cause to August 11, 2020. *Silver v. City of San Antonio*, No. SA-20-CV-0888-JKP-RBF, 2020 WL 4480817, at *2-3 (W.D. Tex. Aug. 4, 2020).

As reflected by Silver's motion to extend time (ECF No. 8) received on August 5, 2020, and denied by order (ECF No. 10) dated August 7, 2020, Silver has received the Court's order to show cause. Rather than respond to that order, Silver (1) moved for an extension of time without stating any reason for needing additional time; (2) filed a similar motion in Case No. 20-MC-0655-JKP; (3) sought to proceed *in forma pauperis* in a new action (Case No. 0916-OLG) with related filings (a case notably dismissed as duplicative of Case No. 20-CV-0888-JKP and others); and (4) sought to proceed *in forma pauperis* in a second new action (Case No. 0923-OLG) with related filings (notably with same defendants as this case). These filings show that Silver had adequate time to respond to the Court's show cause order, but instead chose to make filings in other cases.

By filing no response to the order to show cause, Silver has apparently chosen to forego his opportunity to convince the Court that no further sanctions are warranted. The Court finds that Silver has not shown cause for why the Court should not impose sanctions on him in this case. The Court, nevertheless, recognizes that since the issuance of the show cause order in this case, it has imposed sanctions against Silver in Case No. 20-MC-0272-JKP and Case No. 20-CV-0888-JKP. Because the recently imposed sanctions might impact the sanction imposed in this case, the Court sets out all sanctions currently known as imposed against Silver.

After multiple judges of this Court had dismissed actions filed by Silver, the Honorable Xavier Rodriguez issued the following sanctions on April 18, 2019:

> Plaintiff is further **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district.** Before filing any new lawsuit in this district and division, Silver must file a motion for leave to file the action, along with a proposed complaint, which motion

> shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Silver in this division unless and until such motion is filed and granted.
>
> Because Silver has other pending litigation in this Court and may have future cases removed to this Court, he is also **WARNED that further frivolous filings or motions in those pending cases or any future filed or removed case may also result in the imposition of monetary sanctions.**

*Silver v. Bemporad*, No. SA-19-CV-00284-XR, 2019 WL 1724047, at *4 (W.D. Tex. Apr. 18, 2019).

Silver has a similar prefiling restriction for state court filings and his name appears on a list of Vexatious Litigants Subject to Prefiling Orders maintained by the Office of Court Administration. *See Synchrony Bank v. Silver*, No. 5:20-MC-0272-JKP (W.D. Tex. Mar. 6, 2020) (ECF No. 3 ¶ 6 n.1 (citing www.txcourts.gov/judicial-data/vexatious-litigants/)). That link shows the date of the sanction as July 22, 2019.

Silver's first attempt to seek leave of court in compliance with that prefiling injunction led to a quick, summary order denying leave. *See Silver v. City of San Antonio*, No. 5:19-MC-1095-XR, unpub. order (W.D. Tex. Sept. 20, 2019). Upon denying leave, the Court reiterated the original sanction warning regarding imposition of monetary sanctions. *Id*. at 3.

On March 25, 2020, and April 6, 2020, the Fifth Circuit denied motions for leave to proceed *in forma pauperis* on appeal filed by Silver, dismissed the appeals as frivolous, and warned Silver "that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Silver v. City of San Antonio*, 799 F. App'x 254, 255 (5th Cir. 2020) (per curiam) (appeal from Case No. 5:19-CV-0349); *Silver v. Bexar Cty. Sheriff's Office*, 800 F. App'x 265, 266 (5th Cir. 2020) (per curiam) (appeal from Case No. 5:19-CV-0561).

3

Recently, this Court has imposed additional sanctions upon Silver. In one case, it imposed (1) monetary sanctions payable to another party and required Silver to include proof of payment of the monetary sanction or a status update on payment for any future motion for leave to file a new civil action; (2) an injunction precluding Silver from filing any new action against Synchrony Bank or its attorneys of record in the federal case or the underlying state action; and (3) an injunction limiting Silver's filings in the case. *See Synchrony Bank v. Silver*, No. 5:20-MC-0272-JKP, unpub. order (W.D. Tex. July 30, 2020). In another case, it imposed (1) a monetary sanction payable to the Court with a similar proof-of-payment requirement for future motions for leave; (2) an injunction enjoining Silver from pursuing any future federal litigation related to the events of December 10, 2018, that formed the basis for the case; (3) a requirement that, for any new federal action, Silver had to provide a copy of sanctions imposed against him; and (4) an injunction limiting Silver's filings in the case. *See Silver v. City of San Antonio*, No. SA-20-CV-0888-JKP-RBF, 2020 WL 4573890, at *3-4 (W.D. Tex. Aug. 7, 2020).

Contemporaneously with this Sanction Order, the Court has imposed non-monetary sanctions in Case No. 5:20-MC-0655-JKP. Consistent with the sanction orders in Case No. 20-MC-0272-JKP and Case No. 20-CV-0888-JKP, the Court has required any future motion for leave to file a new civil action by Frederick Silver to include proof of payment of any imposed monetary sanction or a status update on payment of each such sanction. The Court also imposed the other non-monetary sanctions imposed in Case No. 20-CV-0888-JKP.

The Court previously recited the ample reasons for imposing additional sanctions upon Silver in this case and there is no need to go into those reasons again. Silver has made no attempt to show cause why the Court should not impose additional sanctions. Upon review of all relevant factors, including Silver's extensive litigation history, his demonstrated unwillingness to comply with court orders, his continued vexatious and harassing litigation conduct, the absence of a

4

sufficient basis to grant Silver permission to pursue this proposed action, the continuing burdens on the court from his filings, and the inadequacies of previously imposed sanctions, the Court hereby expands upon the original prefiling injunction and imposes the following sanctions:

> (1) Frederick Silver is hereby enjoined from commencing any civil action in any federal district court within the jurisdiction of the Fifth Circuit unless he first seeks leave and obtains permission from a judge in the filing district. For purposes of this prefiling injunction, commencing a new federal civil action includes the transfer of cases between federal courts and the removal of a state case to federal court whether the removing party is Silver, or a state defendant sued by Silver. This prefiling injunction applies whether Silver proceeds pro se or with counsel.
>
> Unless the receiving court orders otherwise, Silver may file a motion to remand in a removed action without obtaining separate leave of court. If a motion to remand is improper under the circumstances or if the receiving court so orders, Silver shall seek judicial approval to continue with the removed action while complying with all aspects of the prefiling injunction (except for the need to file a proposed complaint) as extended and supplemented by any court order.
>
> If a transferred action arrives in the receiving court without the requisite motion for leave to file, the Court may summarily deny leave and dismiss the case. Of course, the same court action could be taken without need for a transfer.
>
> If Silver attempts to file any new civil action with or without the requisite motion for leave, the receiving court may accept it as a civil or miscellaneous case in accordance with the court's normal operating procedures. An action submitted without the requisite motion for leave may be summarily dismissed.
>
> (2) To seek leave of court, Silver shall file a motion for leave that sets out his reasons for the Court to grant him leave to proceed with the proposed civil action. He shall attach a copy of the proposed civil complaint. In addition, Silver shall also separately file the following with any motion for leave:
>
>> (a) An application or motion to proceed *in forma pauperis* with sufficient financial information to issue a ruling. Alternatively, Silver shall pay the appropriate filing fee (currently $47 or $350 depending on whether the court opens a civil or miscellaneous action upon the filing of the motion for leave) plus the applicable administrative fee for civil actions (currently $50). Moving to proceed *in forma pauperis* does not eliminate the need for judicial approval for filing the complaint and courts will most likely see no need to address *in forma pauperis* unless leave to file is granted.
>>
>> (b) A "Notice Regarding Sanctions" that identifies by case number and order date (i) every sanction imposed upon Silver and (ii) every sanction warning issued to him, whether by a federal or state court.

    As an attachment to such notice, Silver shall provide a copy of (i) each order that imposes sanctions or issues a sanction warning and (ii) a copy of the Memorandum Opinion and Order (ECF No. 7) issued in this case.

    (c) A "Proof of Payment" or "Status Update on Payment" for every imposed monetary sanction.

    (d) An appendix with appropriate documentation to support any claim requiring the showing of an injury. If a reviewing court deems any additional documentation necessary for any purpose before granting leave of court, Silver shall provide all requested documentation.

(3) For any state filing, Frederick Silver shall alert the state court of his history of vexatious federal filings by at least providing a copy of the Memorandum Opinion and Order (ECF No. 7) issued in this case and this resulting Sanction Order, and identifying any future sanctions imposed against him.

(4) Frederick Silver is hereby warned that should he continue with his vexatious and harassing litigation conduct, including but not limited to making frivolous or duplicative filings, additional sanctions may be imposed, including but not limited to monetary sanctions payable to the Court and a restriction on Silver's ability to proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. Should a court restrict Silver's ability to proceed *in forma pauperis*, the sanctions imposed in this case are automatically modified to require the prepayment of relevant fees when Silver files his motion for leave unless he makes the requisite showing of imminent danger.

(5) Effective immediately, absent further order of the Court, Frederick Silver is precluded from making any other filing in this action other than a notice of appeal and, if warranted, a motion or application to proceed *in forma pauperis* on appeal. If Silver submits any other documents for filing in this case, **the Clerk of Court shall accept and docket them through the Court's normal procedures, but the filings might not prompt any ruling or response**.

    **The Court instructs the Clerk of Court to transmit this Sanction Order to Frederick Silver at his last known email address as well as mailing it to him through normal procedures.**

**It further instructs the Clerk to close this miscellaneous case.**

    **IT IS SO ORDER this 13th day of August 2020.**

                                    **JASON PULLIAM**
                                    **UNITED STATES DISTRICT JUDGE**